**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Derick Derbas, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| Jackson County Sheriff's Office, Jackson | ) |
| County, Williamson County Sheriff's Office, | ) |
| Williamson County, Currently unknown | ) |
| Jackson County Sheriff's Office employees, and | ) |
| Currently unknown Williams County Sheriff's | ) |
| Office employees, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiff Derick Derbas, through his attorneys Hale & Monico, complains of Defendants

Jackson County Sheriff's Office, Jackson County, Williamson County Sheriff's Office, Williamson

County, Currently unknown Jackson County Sheriff's Office employees, and Currently unknown

Williams County Sheriff's Office employees and states as follows:

**Parties**

1. Plaintiff Derick Derbas is a resident of the State of Illinois.

2. Defendant Jackson County Sheriff's Office is, upon information and belief, the employer

of Currently unknown Jackson County Sheriff's Office employees.

3. Defendant Williamson County Sheriff's Office is, upon information and belief, the

employer of Currently unknown Williamson County Sheriff's Office employees.

4. Defendant Jackson County is a municipal corporation organized, existing, and doing

business under the laws of the State of Illinois. Jackson County owns, operates, or manages the

1

Jackson County Jail through the Jackson County Sheriff's Office. Jackson County is named as a party pursuant to the indemnification requirements of 745 ILCS 10/9-102.

5.      Defendant Williamson County is a municipal corporation organized, existing, and doing business under the laws of the State of Illinois. Williamson County owns, operates, or manages the Williamson County Jail through the Williamson County Sheriff's Office.  Williamson County is named as a party pursuant to the indemnification requirements of 745 ILCS 10/9-102.

6.      Defendant Currently unknown Jackson County Sheriff's Office employees were, during the relevant time, employed by Jackson County Sheriff's Office and acted within the scope of their employment and under color of law during their interaction with Plaintiff.

7.      Defendant Currently unknown Williamson County Sheriff's Office employees were, during the relevant time, employed by Williamson County Sheriff's Office and acted within the scope of their employment and under color of law during their interaction with Plaintiff.

**Jurisdiction and Venue**

8.      This action arises under the Constitution of the United States, particularly the Fourth and Fourteenth Amendments to the Constitution of the United States, under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988, and under the laws of the State of Illinois.

9.      The jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331 and 1343. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to Title 28 of the United States Code, Section 1367.

10.     Venue is proper in the United States District Court for the Southern District of Illinois, Benton division, under Title 28 of the United States Code, Section 1391(b)(2), as the events complained of occurred within this district and Defendants Jackson County Sheriff's Office,

2

Jackson County, Williamson County Sheriff's Office, and Williamson County are located within this district.

### Factual Allegations

11.     On or around March 2, 2023, Plaintiff was booked into the Jackson County Jail as a pre-trial detainee.

12.     On or around March 19, 2023 in the evening, Plaintiff felt excruciating pain in his groin and testicles.

13.     Plaintiff informed Currently Unknown Jackson County Sheriff's Employee One about the pain and requested medical assistance.

14.     Currently Unknown Jackson County Sheriff's Employee One told Plaintiff that there were no medical providers at the Jackson County Jail at that time and Plaintiff would need to wait until the following morning.

15.     Currently Unknown Jackson County Sheriff's Employee One did not provide Plaintiff medical attention or allow Plaintiff to obtain medical treatment from a medical professional.

16.     Plaintiff spent the night of March 19, 2023 in pain.

17.     On March 20, 2023, Plaintiff was allowed to see Currently Unknown Jackson County Sheriff's Employee Two, a nurse employed by the Jackson County Sheriff's Office.

18.     Plaintiff informed Currently Unknown Jackson County Sheriff's Employee Two that he was in severe pain and that his testicle was swollen to a large size.

19.     Plaintiff also informed Currently Unknown Jackson County Sheriff's Employee Two that he had urinated blood and asked to be sent to a hospital.

20.    Currently Unknown Jackson County Sheriff's Employee Two did not sent Plaintiff for medical attention at a hospital. Instead, Currently Unknown Jackson County Sheriff's Employee Two asked Plaintiff to urinate in a cup to conduct a urinalysis.

21.    Plaintiff was provided a single Tylenol capsule by Currently Unknown Jackson County Sheriff's Employee Two.

22.    From March 20, 2023 through March 22, 2023, Plaintiff was in severe pain and continued to urinate blood while in custody at the Jackson County Sheriff's Office at the Jail.

23.    Plaintiff continued to ask to receive medical attention. During that time, Plaintiff did not receive any medical attention from any employee at Jackson County Sheriff's Office.

24.    Rather than send Plaintiff for medical treatment, Jackson County Sheriff's Office instead transported Plaintiff to Williamson County Sheriff's Office on March 22, 2023.

25.    Plaintiff was booked into the Williamson County Jail on March 22, 2023 at approximately 4:20 PM.

26.    Plaintiff informed Currently Unknown Williamson County Sheriff's Employee One that he was in severe pain and his left testicle was swollen to a large size.

27.    Currently Unknown Williamson County Sheriff's Employee One documented Plaintiff's complaint but did not allow Plaintiff to seek medical treatment from a medical professional.

28.    Currently Unknown Williamson County Sheriff's Employee Two reviewed the intake form created by Currently Unknown Williamson County Sheriff's Employee One and did not allow Plaintiff to seek medical treatment from a medical professional.

29.    Plaintiff spent the night of March 22, 2023 in severe pain while in custody of the William County Sheriff's Office at the Jail. During that time, Plaintiff did not receive any medical attention from any employee at Williamson County Sheriff's Office.

30.     On March 23, 2023, at approximately 11:27 AM, Plaintiff's mother posted bond and Plaintiff was released from Williamson County Jail.

31.     From March 19, 2023 through his release from Williamson County Jail on March 23, 2023, Plaintiff had been in pain with a swollen testicle and in obvious medical need. Plaintiff was not provided adequate medical care during that time by either jail.

32.     Plaintiff was taken to an emergency room as he was in obvious and severe distress.

33.     Plaintiff was diagnosed with left testicular torsion with no flow.

34.     Plaintiff had to undergo surgery that resulted in a left orchiectomy, the removal of his left testicle.

35.     Upon information and belief, had Plaintiff been taken to a hospital and provided medical attention sooner than March 24, 2023, a left orchiectomy may not have been necessary and his testicle could have been saved.

**Claims**

**Count I**
**Plaintiff against Currently Unknown Jackson County Sheriff's Office Employees**
**42 U.S.C. § 1983**
**Fourteenth Amendment**

36.     Plaintiff incorporates paragraphs 1 through 35 as though fully stated herein.

37.     On March 19, 2023, Plaintiff began suffering from severe pain. His testicle was swollen.

38.     Plaintiff's pain and physical condition established that he was suffering from an objectively serious medical condition.

39.     Currently Unknown Jackson County Sheriff's Employee One was informed by Plaintiff of his medical distress and this defendant did not allow Plaintiff to seek any medical attention.

40.     Currently Unknown Jackson County Sheriff's Employee One did not provide Plaintiff an objectively reasonable response to Plaintiff's objectively serious medical condition.

5

41.     The failure of Currently Unknown Jackson County Sheriff's Employee One to provide Plaintiff with reasonable medical care caused Plaintiff harm in that Plaintiff continued to suffer severe pain and ultimately had to undergo a left orchiectomy.

42.     The failure of Currently Unknown Jackson County Sheriff's Employee One to provide Plaintiff reasonable medical care violated Plaintiff's rights under the Fourteenth Amendment.

43.     As a result of the violation of his Fourteenth Amendment rights by Currently Unknown Jackson County Sheriff's Employee One, Plaintiff was injured.

44.     Currently Unknown Jackson County Sheriff's Employee Two was informed by Plaintiff of his medical distress and this defendant did not allow Plaintiff to seek any medical attention.

45.     Currently Unknown Jackson County Sheriff's Employee Two did not provide Plaintiff an objectively reasonable response to Plaintiff's objectively serious medical condition.

46.     The failure of Currently Unknown Jackson County Sheriff's Employee Two to provide Plaintiff with reasonable medical care caused Plaintiff harm in that Plaintiff continued to suffer severe pain and ultimately had to undergo a left orchiectomy.

47.     The failure of Currently Unknown Jackson County Sheriff's Employee Two to provide Plaintiff reasonable medical care violated Plaintiff's rights under the Fourteenth Amendment.

48.     As a result of the violation of his Fourteenth Amendment rights by Currently Unknown Jackson County Sheriff's Employee Two, Plaintiff was injured.

Wherefore, Plaintiff respectfully requests judgement in his favor and against Defendants Currently Unknown Jackson County Sheriff's Employee One and Currently Unknown Jackson County Sheriff's Employee Two on this Count and an award of compensatory and punitive damages, costs, attorneys' fees, and any other relief that is just.

**Count II**
**Plaintiff against Currently Unknown Williamson County Sheriff's Office Employees**
**42 U.S.C. § 1983**
**Fourteenth Amendment**

49.     Plaintiff incorporates paragraphs 1 through 35 as though fully stated herein.

50.     On March 19, 2023, Plaintiff began suffering from severe pain. His testicle was swollen.

51.     Plaintiff's pain and physical condition established that he was suffering from an objectively serious medical condition.

52.     Plaintiff was booked into Williamson County Jail on March 22, 2023.

53.     Currently Unknown Williamson County Sheriff's Employee One was informed by Plaintiff of his medical distress and this defendant did not allow Plaintiff to seek any medical attention.

54.     Currently Unknown Williamson County Sheriff's Employee One did not provide Plaintiff an objectively reasonable response to Plaintiff's objectively serious medical condition.

55.     The failure of Currently Unknown Williamson County Sheriff's Employee One to provide Plaintiff with reasonable medical care caused Plaintiff harm in that Plaintiff continued to suffer severe pain and ultimately had to undergo a left orchiectomy.

56.     The failure of Currently Unknown Williamson County Sheriff's Employee One to provide Plaintiff reasonable medical care violated Plaintiff's rights under the Fourteenth Amendment.

57.     As a result of the violation of his Fourteenth Amendment rights by Currently Unknown Williamson County Sheriff's Employee One, Plaintiff was injured.

Wherefore, Plaintiff respectfully requests judgement in his favor and against Defendant Currently Unknown Williamson County Sheriff's Employee One and an award of compensatory and punitive damages, costs, attorneys' fees, and any other relief that is just.

**Count III**
**Plaintiff against Jackson County Sheriff's Office and Jackson County**
**Illinois law**
**Indemnification**

58.    Plaintiff incorporates paragraphs 1 through 35 as though fully stated herein.

59.    During the relevant time, upon information and belief, Defendants Currently Unknown Jackson County Sheriff's Employee One and Currently Unknown Jackson County Sheriff's Employee Two were employees of the Jackson County Sheriff's Office and were acting within their scope of employment.

60.    Pursuant to 745 ILCS 10/9-102, Jackson County Sheriff's Office and/or Jackson County is required to indemnify its employes for any judgment against the public employee for acts or omission done within the scope of their employment.

Wherefore, Plaintiff respectfully requests judgement in his favor and against Defendant Jackson County Sheriff's Office and Jackson County and that these two defendants be required to indemnify Currently Unknown Jackson County Sheriff's Employee One and Currently Unknown Jackson County Sheriff's Employee Two for any award of compensatory damages, attorneys' fees, and costs awarded against the individual defendants.

**Count IV**
**Plaintiff against Williamson County Sheriff's Office and Williamson County**
**Illinois law**
**Indemnification**

61.    Plaintiff incorporates paragraphs 1 through 35 as though fully stated herein.

62.    During the relevant time, upon information and belief, Defendant Currently Unknown Williamson County Sheriff's Employee was an employee of the Williamson County Sheriff's Office and were acting within their scope of employment.

8

63.     Pursuant to 745 ILCS 10/9-102, Williamson County Sheriff's Office and/or Williamson County is required to indemnify its employes for any judgment against the public employee for acts or omission done within the scope of their employment.

Wherefore, Plaintiff respectfully requests judgement in his favor and against Defendant Williamson County Sheriff's Office and Williamson County and that these two defendants be required to indemnify Currently Unknown Williamson County Sheriff's Employee One for any award of compensatory damages, attorneys' fees, and costs awarded against the individual defendants.

## Jury Demand

Plaintiff Derick Derbas demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Shawn W. Barnett*
Shawn W. Barnett
Attorney No. 6312312
Counsel for Plaintiff

HALE & MONICO
53 W. Jackson, Suite 337
Chicago, IL 60604
HaleMonico.com
sbarnett@halemonico.com
(312) 870-6905

9