IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DERICK DERBAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 24-cv-01060-JPG |
| | ) | |
| **JACKSON COUNTY SHERIFF'S OFFICE,** | ) | |
| **JACKSON COUNTY,** | ) | |
| **WILLIAMSON COUNTY SHERIFF'S** | ) | |
| **OFFICE,** | ) | |
| **WILLIAMSON COUNTY,** | ) | |
| **CONNIE FALKENBURRY,** | ) | |
| **JESSICA BIEN,** | ) | |
| **NICHOLAS FREEMAN,** | ) | |
| **BRAYDEN LYNN,** | ) | |
| **JARRED ROWALD,** | ) | |
| **TIM WILLIAMSON,** | ) | |
| **WILLIAM GUSENTINE,** | ) | |
| **JOSH BARTLOW,** | ) | |
| **RAY WILD,** | ) | |
| **ROBERT ETHERTON,** | ) | |
| **and THOMAS KUPFERER,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on a Motion to Dismiss For Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6) by Defendant Thomas Kupferer. (Doc. 49). Plaintiff opposes the motion. (Doc. 53). For the reasons set forth below, the motion is **GRANTED**.

### Background

On April 8, 2024, Plaintiff Derick Derbas filed this action pursuant to 42 U.S.C. § 1983 against Jackson County, Jackson County Sheriff's Office, Williamson County, Williamson County Sheriff's Office, and unknown county employees for claims stemming from the denial of medical

care for a testicular torsion at Jackson County Jail from March 19-22, 2023 and Williamson County Jail from March 22-23, 2023. (Doc. 1). The Complaint was subject to review under 28 U.S.C. 1915A,[1] which requires prompt screening and dismissal of any portion of a prisoner's civil complaint that is frivolous or malicious, fails to state a claim for relief, or seeks relief against a defendant who is immune. *See* 28 U.S.C. § 1915A(a)-(b). After screening this matter, the Court recognized the below claims in the original Complaint:

> Count 1: Fourteenth Amendment claim against Jackson County Sheriff's Office Employees 1 and 2 for the objectively unreasonable denial of medical care for a testicular torsion in March 2023.
>
> Count 2: Fourteenth Amendment claim against Williamson County Sheriff's Office Employees 1 and 2 for the objectively unreasonable denial of medical care for a testicular torsion in March 2023.
>
> Count 3: Illinois state law indemnification claim under 745 ILCS 10/9-102 against Jackson County and Jackson County Sheriff's Office.
>
> Count 4: Illinois state law indemnification claim under 745 ILCS 10/9-102 against Williamson County and Williamson County Sheriff's Office.

(Doc. 6). The Court added the Sheriffs of Jackson and Williamson County, in their official capacities, to assist in the identification of Unknown County Employees 1 and 2 and terminated the sheriffs as parties after the unknown defendants were identified. (Docs. 6, 33).

In October 2024, Plaintiff identified all unknown county employees in a First Amended Complaint (Doc. 34), which survived § 1915A review on the following claims:

> Count 1: Fourteenth Amendment claim against Connie Falkenburry, Jessica Bien, Nicholas Freeman, Brayden Lynn, Jared Rowald, and Tim Williamson[2] for the objectively unreasonable denial of medical care for a testicular torsion in March 2023.
>
> Count 2: Fourteenth Amendment claim against Williamson County Sheriff's Office Employees William Gusentine, Josh Bartlow, Ray Wild, and Robert

---

[1] This statute governs civil complaints filed by prisoners and applies to this case because Plaintiff was in the custody of the Illinois Department of Corrections when he filed this civil suit.
[2] This group was formerly referred to as the "Jackson County Sheriff's Office Employees."

Etherton[3] for the objectively unreasonable denial of medical care for a testicular torsion in March 2023.

Count 3:    Illinois state law indemnification claim under 745 ILCS 10/9-102 against Jackson County and Jackson County Sheriff's Office.

Count 4:    Illinois state law indemnification claim under 745 ILCS 10/9-102 against Williamson County and Williamson County Sheriff's Office.

Count 5:    Illinois state law indemnification claim against Dr. Thomas Kupferer.

(Doc. 34).

## Motion to Dismiss (Doc. 49)

In lieu of an answer, Dr. Kupferer filed a motion seeking dismissal from this action. (Doc. 49). Dr. Kupferer points out that Count 5 is the only claim against him, and Plaintiff characterizes it as an indemnification claim. (Doc. 50). Dr. Kupferer argues that the allegations support no cause of action that would allow Plaintiff to recover damages from him. *Id*. According to the allegations, the doctor entered into a contractual agreement with Jackson County Sheriff's Office to provide medical care to detainees at Jackson County Jail. *Id*. (citing Doc. 34, ¶ 7). As such, he was the employer of Nurse Falkenburry, and the nurse was responsible for providing the plaintiff with inadequate medical care. *Id*. Plaintiff sets forth no allegations of wrongdoing against Dr. Kupferer. *Id*. No allegations suggest that the doctor possessed knowledge of the nurse's misconduct, approved the nurse's misconduct, or turned a blind eye to it. (Doc. 50). Plaintiff only alleges that Dr. Kupferer was her employer and must have maintained insurance for her as an agent. *Id*. (citing Doc. 34, ¶¶ 75-76). Dr. Kupferer argues that Plaintiff's theory of liability hinges on the doctrine of *respondeat superior* when vicarious liability is not recognized under § 1983. *Id*. For these reasons, Dr. Kupferer seeks dismissal of Count 5 against him with prejudice. (Docs. 49, 50).

---

[3] This group was formerly referred to as the "Williamson County Sheriff's Office Employees."

**Applicable Legal Standard**

When presented with a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must decide the adequacy of the complaint. *See* FED. R. CIV. P. 12(b)(6); *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). The motion will be granted if the complaint does not include sufficient factual allegations to "state a claim to relief that is plausible on its face" or "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plausible claim requires the plaintiff to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff may plead himself out of court by pleading facts on the face of the complaint that establish a clear defense to his claims. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008).

**Discussion**

The Amended Complaint (Doc. 34) fails to state a claim for relief against Dr. Kupferer. Plaintiff characterizes Count 5 as an indemnification claim against the doctor under Illinois state law. (Doc. 34, ¶¶ 74-76). However, he fails to mention which state law gives rise to this claim. The Court and the defendant are left to guess, and the Court will not do so.

Rule 8 obligates Plaintiff, not the Court, to prepare a Complaint that states a claim for relief. FED. R. CIV. P. 8(a)(1). The statement of claim can be "short and plain." FED. R. CIV. P. 8(a)(2). However, the allegations must include enough information to articulate a claim that is plausible, not just possible. *Twombly*, 550 U.S. at 570. Although the Court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff here, *see Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014), the Court is not required to accept as true "legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff offers little more than bald assertions, threadbare allegations, and legal conclusions when bringing this claim against Dr. Kupferer. According to the allegations, this defendant is named "solely due to his role as the employer of Defendant Falkenburry." (Doc. 34, ¶ 7). Plaintiff more specifically alleges:

> 7. Thomas Kupferer was, during the relevant time, a licensed medical provider. During the relevant time, Dr. Kupferer had entered into a contractual agreement with the Jackson County Sheriff's Office to provide medical care to detainees at the Jackson County Jail. Dr. Kupferer was the employer of Defendant Falkenburry. At this time, Dr. Kupferer is named as a party solely due to his role as the employer of Defendant Falkenburry.

*Id*. The allegations further state: "Defendant Falkenburry was an employee of the Dr. Thomas Kupferer and were [sic] acting within their scope of employment. *Id*. at ¶ 75. According to Plaintiff, "Dr. Kupferer was required, pursuant to his contractual agreement with Jackson County Sheriff's Office, to maintain insurance to cover himself and his agent for services rendered under the contract. Upon information and belief, Dr. Kupferer is required to indemnify Defendant Falkenburry for acts or omission done within the scope of their employment." *Id*. at ¶ 76.

Plaintiff's indemnification claim is premised on his § 1983 claims. He names the doctor because of his employment relationship and supervisory role over the alleged wrongdoer. Liability thus hinges on the doctrine of *respondeat superior*, or vicarious liability, which is not recognized under § 1983. *Askew v. Sheriff of Cook Cnty., Ill.*, 568 F.3d 632, 637 (7th Cir. 2009). When bringing a claim under § 1983, a plaintiff must allege that each individual defendant was "personally responsible for the deprivation of a constitutional right." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Plaintiff makes no allegation of wrongdoing by the doctor. He also sets forth no allegation suggesting that the doctor was aware of, approved

of, or turned a blind eye to any wrongdoing on the part of another defendant, including Nurse Falkenburry. Plaintiff has not pleaded factual content that allows the court to draw the reasonable inference that Dr. Kupferer is liable for the misconduct alleged, either due to his own misconduct or due to his employment relationship with another person. *Ashcroft v. Iqbal*, 556 U.S. at 678. The allegations are insufficient to articulate a claim against Dr. Kupferer, either for indemnification or any other violation of the plaintiff's rights.

### Disposition

Accordingly, Defendant Thomas Kupferer's Motion to Dismiss (Doc. 49) is **GRANTED**. **COUNT 5** against Defendant **THOMAS KUPFERER** is **DISMISSED without prejudice**. Because there are no other claims against this defendant, Defendant **THOMAS KUPFERER** is **DISMISSED without prejudice** from this action. The Clerk of Court is **DIRECTED to TERMINATE** Thomas Kupferer as a defendant in CM/ECF and enter judgment accordingly at the close of this case.

Because all other Defendants have now appeared and answered the Amended Complaint (Doc. 34) without raising sufficiency of service as an affirmative defense, the Motion for Status on Service (Doc. 70) is hereby **DISMISSED** as **MOOT**. The Court will separately enter a Scheduling Order.

**IT IS SO ORDERED.**

**DATED:  June 6, 2025**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**