IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERICK DERBAS,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| vs. | )    Case No. 24-cv-01060-JPG |
| | ) |
| **JACKSON COUNTY SHERIFF'S OFFICE,** | ) |
| **JACKSON COUNTY,** | ) |
| **WILLIAMSON COUNTY SHERIFF'S** | ) |
| **OFFICE,** | ) |
| **WILLIAMSON COUNTY,** | ) |
| **CONNIE FALKENBURRY,** | ) |
| **JESSICA BIEN,** | ) |
| **NICHOLAS FREEMAN,** | ) |
| **BRAYDEN LYNN,** | ) |
| **JARRED ROWALD,** | ) |
| **TIM WILLIAMSON,** | ) |
| **WILLIAM GUSENTINE,** | ) |
| **JOSH BARTLOW,** | ) |
| **RAY WILD, and** | ) |
| **ROBERT ETHERTON,** | ) |
| | ) |
|     **Defendants.** | ) |

## <u>SCHEDULING AND DISCOVERY ORDER</u>

**GILBERT, District Judge:**

    This case is now past the threshold review of the Amended Complaint (Doc. 34) under 28 U.S.C. § 1915A, and Defendants have answered. Because litigation can be difficult for *pro se* prisoners, this Order is being issued to help explain and streamline the process. The parties should closely read this Order, which contains important information on deadlines, discovery, and the Court's procedures. The parties also should review the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of Illinois. **Failure to follow this Order may result in sanctions, including dismissal of the case.**

    The following procedures will apply to this case.

1

I. **Filing Fee**

Plaintiff paid the filing fee in full.

II. **Initial Disclosures and Pretrial Filings**

A. Plaintiff shall have until **July 7, 2025**, to produce to Defendants:

1. Names of persons with knowledge of the incidents and a short description of the subject of their knowledge;

2. A statement of the injuries Plaintiff has suffered and the relief he seeks; and

3. A signed release for medical records.

**Plaintiff shall produce the above information directly to Defendants; the information shall NOT be filed with the Court.**

B. Defendants shall have until **July 22, 2025** to produce to Plaintiff copies of the following documents and information related to Plaintiff's allegations:

1. Incident reports;

2. Grievances, along with any responses or other related materials, such as grievance logs and counselor's notes;

3. Disciplinary tickets, along with any documents related to the resolution of the tickets;

4. Plaintiff's cumulative counseling summary or other log of interactions with staff during the relevant time;

5. Reports and/or statements of persons with knowledge of the incidents;

6. Names of persons with knowledge of the incidents and a short description of the subject of their knowledge, to the extent this information is not included in the documents produced to Plaintiff; and

7. Copies of relevant medical records (provided Plaintiff has executed the required release form as directed above).

**Defendants may object to the production of the above for specific security or other concerns.**

C. For any party entering an appearance after the date of this Order (for example, a Defendant initially named as a John Doe but later identified or a Defendant added

2

  by Plaintiff through an amended complaint):

   1. Plaintiff shall make the initial disclosures required by Section II(A) within 30 days from the new party's appearance; and

   2. The new party shall make the initial disclosures required by Section II(B) within 45 days from his appearance in this case.

**III. Amendments to the Complaint**

Amendments to a complaint are governed by Federal Rule of Civil Procedure 15. If Plaintiff later seeks to file an amended complaint pursuant to Rule 15(a)(2), he must send both the proposed amended complaint and a motion asking for leave (permission) to file the amended complaint. Defendants will have an opportunity to object to Plaintiff's motion for leave to file an amended complaint. The Court will then review the proposed amended complaint and either grant or deny the motion to amend the complaint.

If Plaintiff should file a motion asking for leave to amend the complaint, the following rules shall apply:

  A. Plaintiff shall have until **September 8, 2025,** to file a motion for leave to amend the complaint to include <u>any</u> additional claims or parties. **Failure to file a motion for leave to amend by this date will likely bar further amendment of the complaint, except for good cause shown.**

  B. Plaintiff must attach the entire proposed amended complaint to the motion for leave to amend. The Court does not accept piecemeal amendments. Therefore, the proposed amended complaint must stand complete on its own, including exhibits. The amended complaint, if accepted, will replace the prior complaint in its entirety so any claims or parties that are not included in the proposed amended complaint will be automatically dismissed.

  C. Plaintiff's motion should explain how the proposed amended complaint differs from the complaint on file. The proposed amended complaint also must comport

with the formatting requirements of Local Rule 15.1.  In addition, all new material in the amended pleading must be underlined.  Failure to comply with this requirement will result in rejection of the proposed amended complaint.

IV. **Discovery**

    A. Each party is limited to serving 15 interrogatories, 15 requests for production of documents, and 10 requests for admission.  On motion, these limits may be increased for good cause shown.

    B. Any interrogatories, requests for production of documents, or requests for admissions shall be served so as to allow the answering party the full 30-day period provided by the Federal Rules of Civil Procedure in which to respond.

    C. The parties are reminded that discovery requests must be made in accordance with Federal Rule of Civil Procedure 26(b): the parties should only "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"

    D. Defendants are given leave to depose Plaintiff pursuant to Federal Rule of Civil Procedure 30(a)(2).  Defendants shall serve any Rule 30 notice upon Plaintiff at least **2 weeks** prior to the date of a deposition.  Plaintiff is informed that he must cooperate in the taking of his deposition.  It is appropriate and proper for defense counsel to take a plaintiff's deposition and to ask questions even if the plaintiff is not represented by counsel.  The failure to cooperate in the taking of a deposition by, for example, refusing to answer appropriate questions, may result in sanctions, including the dismissal of this lawsuit.  Plaintiff is directed to review Federal Rule of Civil Procedure 30.

    E. All discovery must be completed by **April 6, 2026.**  <u>Pursuant to Federal Rule of Civil Procedure 26(e), the parties are under an ongoing obligation to supplement</u>

<u>the disclosures and production in this case</u>. Failure to timely disclose or supplement discovery in this case may result in sanctions, including being prohibited from using the undisclosed information or witness.

 **F.** Discovery disputes shall be resolved through informal means without judicial intervention whenever possible. Disputes that cannot be resolved through informal means shall be addressed by filing a motion to compel discovery pursuant to Rule 37. Any written motion regarding discovery shall include the discovery requests at issue and responses (if any) as well as the written certification required by Rule 37(a)(1), if applicable. Responses must be filed within seven (7) days of the motion to compel discovery. Replies are disfavored and will not be accepted without permission of the Court. **<u>The parties shall NOT contact chambers to resolve any discovery dispute by phone</u>**.

 **G.** The Court encourages the parties to conduct discovery in a timely manner. Motions for extension of the discovery deadline filed on or shortly before a deadline are disfavored.

## V. Dispositive Motions

Dispositive motions seek dismissal of some or all claims against a non-moving party. They include motions for judgment on the pleadings brought pursuant to Federal Rule of Civil Procedure 12(c) and motions for summary judgment brought pursuant to Federal Rule of Civil Procedure 56. Defendants who wish to file a dispositive motion in this matter must do so by **May 6, 2026**, and provide Plaintiff with a copy of the Rule 56(e) notice along with the motion. *See Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). **Plaintiff is WARNED that the failure to respond to a dispositive motion may result in an Order granting summary judgment and/or dismissing the case.**

## VI. Trial Schedule

Trial will be set once the Court rules on all dispositive motions, or, if none are filed, once the deadline for dispositive motions has passed. The Court will set a status conference with the parties to select a firm trial date. The parties should confer with each other prior to the status conference to identify potential trial dates. Once the trial date is set, a continuance will be granted only in the rarest of circumstances.

## VII. Other Matters.

If the parties believe a settlement conference would be beneficial now or at any point before trial, they should contact the Court and request a prompt setting.

**The Clerk of Court is DIRECTED to enter the standard qualified protect order pursuant to the Health Insurance Portability and Accountability Act.**

IT IS SO ORDERED.

DATED: 6/6/2025

                                                  s/J. Phil Gilbert  
                                                  **J. PHIL GILBERT**  
                                                  **United States District Judge**